## UNITED STATES

v.

## Brian Patrick REGAN, Defendant.

### No. CRIM. 01–405–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

Sept. 10, 2002.

James Clyde Clark, Land, Clark, Carroll & Mendelson PC, Alexandria, VA, Jonathan Shapiro, Law Office of Jonathan Shapiro, Alexandria, VA, Nina J. Ginsberg, DiMuro, Ginsberg & Mook PC, Alexandria, VA, Joseph John McCarthy, Delaney, McCarthy & Colton PC, Alexandria, VA, for Defendant.

Patricia M. Haynes, U.S. Atty's Office, Alexandria, VA, for U.S.

## *MEMORANDUM ORDER*

LEE, District Judge.

THIS MATTER is before the Court on Defendant's Motion for Disclosure of Certain Materials Relevant to Sentencing and to Defendant's Pre-trial Motion to Dismiss the Death Notice. Defendant contends that he is entitled to the "damage assessments" and related materials of the CIA and FBI regarding the damage done by the defendants in ten unrelated espionage prosecutions, including *United States v. Robert Hanssen, United States v. Harold James Nicholson, United States v. Earl Edwin Pitts,* and *United States v. Anna Belen Montes.* Defendant maintains that evidence that his espionage attempts pale in comparison to other acts of espionage where the Government did not seek the death penalty is relevant to mitigation in general and specifically to the "equally culpable" statutory mitigating factor, 18 U.S.C. § 3592(a)(4). Defendant moves the Court to order the Government to produce these documents pursuant to Rule 16 of the Federal Rules of Criminal Procedure

and *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). For the reasons stated in open court on August 2, 2002, and supplemented below, Defendant's motion is DENIED.

■ There is no basis for granting Defendant's discovery request under Rule 16 or *Brady.* First, as discussed in the Court's Memorandum Order denying Defendant's Motion to Strike the Death Penalty on grounds of arbitrariness, Defendant has no constitutional right to a proportionality review that would compare his conduct to that of others convicted of espionage. *See United States v. Regan,* No. 01–405–A, Mem. Order at 11, 221 F.Supp.2d 661 (E.D.Va. Sept. 10, 2002) (citing *Pulley v. Harris,* 465 U.S. 37, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984)). By extension, because Defendant has no underlying constitutional right of proportionality review, he has no right to discovery on such matters. The conduct of other individuals involved in totally unrelated acts of espionage has no bearing on the culpability of the Defendant's conduct for mitigation purposes in general.

■ Nor does the Defendant have such a right to such information under the Federal Death Penalty Act, 18 U.S.C. §§ 3591–3598 ("FDPA"). Defendant's contention that the instant damage assessment discovery requests fall within the purview of the "equally culpable" statutory mitigating factor is unpersuasive. *See* 18 U.S.C. § 3592(a)(4). Section 3592(a)(4) provides that the jury may consider whether "[a]nother defendant or defendants, equally culpable *in the crime,* will not be punished by death." *Id.* (emphasis added). The plain language of section 3592(a)(4) limits the jury's consideration to co-defendants, co-conspirators, or accomplices of the defendant in the capital crime before the jury, not any *similar* crime. Defendant cites no authority that extends

the scope of section 3592(a)(4) to defendants in other crimes.

In fact, the relevant case law stands contrary to Defendant's position. For instance, in *United States v. Beckford,* the court reviewed a similarly worded statutory mitigating factor in 21 U.S.C. § 848(m)(8). 962 F.Supp. 804 (E.D.Va. 1997). In that case, the court refused to expand the phrase "in the crime" to accomplices in the conspiracy that were not involved in the murder in which the defendant was charged. *Beckford,* 962 F.Supp. at 812. The *Beckford* court held that the language "in the crime" referred only to those defendants involved in the capital murder. *See id.* at 814. Relying on this interpretation of the statute, the court denied the defendant's *Brady* requests for materials relating to all criminal acts of all co-defendants as overbroad. *See id.* at 815.

In this case, Defendant seeks even broader relief than that denied by the *Beckford* court. Defendant seeks discovery concerning defendants who have *no* connection whatsoever to the alleged crime Defendant is accused of committing. Moreover, eight of the ten defendants in the espionage cases identified by the Defendant pled guilty, whereas the Defendant in this case has not. Permitting the submission of evidence of totally unrelated espionage cases would lead to a confusion of the issues or mislead the jury. *See id.* at 826–27. Further, introducing evidence of that sort would inevitably amount to separate mini-trials on whether the Government should have sought the death penalty in certain cases. In sum, the damage assessments of other espionage defendants are irrelevant to the acts of the Defendant and the jury's determination of Defendant's sentence. Even if this evidence had a modicum of probative value, it would be substantially outweighed by the

dangers of confusion of the issues and misleading the jury. Fed.R.Evid. 403.

Finally, the evidence sought by the Defendant is therefore not producible under either *Brady* or Rule 16.[1]

For the foregoing reasons, it is hereby

ORDERED that Defendant's Motion for Disclosure of Certain Materials Relevant to Sentencing and to Defendant's Pre-trial Motion to Dismiss the Death Notice DENIED.

The Clerk is directed to forward a copy of this Order to counsel.

---

**1.** However, because the Defendant is prohibited from presenting evidence of the conduct of other espionage defendants to mitigate his sentence, the Government is likewise precluded from introducing such evidence to support any aggravating factors. For instance, the Government may introduce the range of classified information Defendant allegedly attempted to transmit to support the non-statutory aggravating factor of "The Nature and Breadth and Sensitivity of the Classified Information which the Defendant Sought to Compromise." But just as the Defendant cannot introduce evidence that the classified information Robert Hanssen compromised was far greater than Defendant's, the Government cannot submit evidence of another defendant whose actions caused less harm than the Defendant.